ROBERT T. BURNS, Plaintiff-Appellee, *v.* SHERIFF'S DEPARTMENT MERIT COMMISSION OF PIATT COUNTY *et al.*, Defendants-Appellants.

Fourth District   No. 15955

Opinion filed July 17, 1980.

Hugh Finson, State's Attorney, of Monticello (Michael J. Luke, Assistant State's Attorney, of counsel), for appellants.

Joe Hedge and Keith Hays, both of Monticello, for appellee.

Mr. PRESIDING JUSTICE MILLS delivered the opinion of the court:

Merit system for sheriff personnel.

Does the Piatt County procedure pass muster?

No.

This is a suit challenging the promotion procedures contained in the "Rules, Regulations, and Procedures" of the Piatt County sheriff's department merit commission. Plaintiff is a deputy sheriff of Piatt County. The defendants are: the commission; the sheriff of Piatt County; and Wendall R. Brock and Ronald L. Peake, two deputies promoted to the rank of sergeant on or about May 1, 1979. Plaintiff alleges that the promotion procedures violate section 58.1 of "An Act to revise the law in relation to counties" (Ill. Rev. Stat. 1979, ch. 34, par. 859.1) and that the promotions of Brock and Peake are invalid.

Following a hearing held on October 15, 1979, the trial court ruled that the promotion procedures did violate section 58.1 and that the promotions of Brock and Peake were invalid. The court then ordered certain modifications in the Commission's rules.

The basis for plaintiff's challenge is section 58.1, which provides in part:

"The county board in any county having a population of less

than 1,000,000 may, by ordinance, provide for all deputies other than special deputies, and all jail officers as defined in Section 3½ of 'An Act to revise the law in relation to jails and jailers', as now or hereafter amended, employed on a full time basis in the office of Sheriff to be appointed, promoted, disciplined and discharged pursuant to recognized merit principles of public employment and for such employees to be compensated according to a standard pay plan approved by the board."

Pursuant to this authority, the board of supervisors enacted an ordinance establishing the commission. Subsequent to the passage of the enabling ordinance, the commission was appointed, and it then promulgated its rules. Under these rules, the sheriff recommends to the commission in writing any deputy who merits promotion. Upon receipt of the recommendation, the commission must interview the deputy, administer any examinations that are deemed necessary, and review any fitness reports. If the commission feels the deputy is qualified for the higher rank, it certifies him as such to the sheriff, who may then promote the deputy to the higher rank.

The sole issue in this case is whether this promotion procedure is in accordance with "recognized merit principles of public employment" as required by section 58.1.

At the hearing before the trial court, both sides presented the testimony of an expert witness. Professor Thomas Page, a former consultant to the Illinois Public Personnel Administration and participant in the drafting of the Illinois Personnel Code, testified for plaintiff. Page stated that while there is no uniform merit system, there are basic "merit ideas" or principles throughout all merit systems. He listed some of these principles as being: (1) The best qualified person receives appointment, particularly in promotion; (2) open access for those seeking promotion with some form of competition to determine the relative merit of all applicants; (3) after relative merit has been determined, promotion is given to the one person or persons having nearly equivalent merit. Page noted that the concept of open competition includes the opportunity to apply for a position and a ranking on the basis of ability. He further testified that in order to qualify as a "merit system," ranking must be accomplished by an independent body—such as a merit commission.

Defendants called Vernon G. Talbot, assistant professor of the University of Illinois Institute of Labor and Industrial Relations and acting coordinator for the Management Education Program. Talbot testified that "merit" means a system of employment where there are no arbitrary forms of systematic bias. He stated that he had encountered various merit promotional systems, including some based upon competitive examination and some where the selection is made by a

superior based upon performance records. Talbot was of the opinion that the latter could be regarded as a "merit system."

In its very able memorandum order, the trial court reviewed a number of existing statutes dealing with merit promotions in order to determine what is commonly known and understood to be recognized "merit" principles. For example, the trial court noted that the Illinois Municipal Code provides for promotion on the basis of merit, seniority, and competitive examination among such members of the lower rank as desired to submit themselves to examination. (Ill. Rev. Stat. 1979, ch. 24, pars. 10—1—13, 10—2.1—15.) The court also noted that section 10 of the County Police Department Act (Ill. Rev. Stat. 1979, ch. 125, par. 110) provides that where a county has created a police department merit board, promotion of deputy sheriffs shall be made by the sheriff from those candidates who have been certified to him by the merit board. In such cases, the merit board makes certification on the basis of ascertained merit, experience, and other tests and examinations. The trial court concluded from its analysis of these statutes and the evidence presented that the commission's promotion procedures did not comply with "recognized merit principles of public employment."

We agree.

The parties agree that the purpose of section 58.1 was to prevent a sheriff from hiring, firing, and promoting deputies for solely political reasons. According to the testimony of Professor Talbot, a "merit" system would put a check on such arbitrary and systematic bias. However, the commission rules fall short of accomplishing this goal since the sheriff is essentially the sole determiner of who—and who will not—be considered for promotion. If an individual believes himself to be qualified for promotion but is not listed or recommended by the sheriff, he will not be considered.

■■ Although the commission is not prevented from soliciting applications for promotions, there is no provision for notifying the commission of a vacancy to allow it to solicit applicants should it wish to do so, nor is there notification provided to potential applicants. Because the commission rules do not provide open access to those seeking promotion, we believe they fail to conform to recognized merit principles.

In addition, the trial court criticized the commission's rules for failing to set forth job descriptions or minimum standards for each position as well as for failing to provide for a ranking of applicants on the basis of merit. The court found that such criteria was necessary for there to be a determination of whether an applicant was minimally qualified or for an applicant to determine whether the promotion process was fairly applied to him. Thus, in addition to ordering the commission to promulgate rules for open access for all applicants, the trial court also ordered the

enactment of rules providing for job descriptions, minimum standards for each rank, and for competitive examinations. The court indicated that the competitive process need not be solely objective in nature, but that the results thereof must be capable of objective scoring.

■■ We are in general agreement with the trial court's concepts and criteria for "merit principles," and we approve generally of the remedial measures ordered. However, we disagree as to the need for objective scoring of competitive examinations.

■■ ■ In our view, numerical scoring is not a necessary prerequisite for evaluating the fairness of a promotion process. Such an evaluation, either by the applicant or a reviewing body, is possible once job descriptions and minimum standards for each rank are enacted. Furthermore, ranking on the basis of numerical test results may be inappropriate for jobs where such things as experience and demonstrated competency may be the most important guideposts to relative merit. We believe that a promotion procedure conforms to recognized merit principles when all qualified applicants have an opportunity to place their qualifications before an impartial reviewing board. To the extent that we feel mandatory objective scoring is unnecessary, we reverse the trial court's order.

For the foregoing reasons, we affirm in part and reverse in part.

LEWIS and GREEN, JJ., concur.